IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SHERMAN R. STEELE, | ) |
| Plaintiff, | ) Civil Action No. 5:15cv50 |
| v. | ) By: Michael F. Urbanski |
| EVGENY I. MARCHENKO, et al., | ) United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the court is Plaintiff Sherman Steele's ("Steele") motion for default judgment against Evgeny I. Marchenko ("Marchenko") and Evgeny I. Marchenko, doing business as M&J Transport (collectively "Defendants"). ECF No. 8. Following a hearing on February 19, 2016, the court ordered Steele to produce evidence indicating whether Marchenko operated the tractor trailer that struck plaintiff on June 12, 2014. Steele took and submitted the deposition of Trooper Casey White, ECF No. 23, and this matter is now ripe for judgment. For the reasons that follow, the court will enter judgment against Defendants in the amount of Seven Hundred Fifty Thousand Dollars ($750,000) plus interest.

I.

On June 12, 2014, Steele, a resident of Columbia, Tennessee, suffered injuries in a motor vehicle accident at a Wilco Hess truck stop in Toms Brook, Virginia. ECF No. 1, ¶¶ 7, 13. A tractor trailer backed up and pinned Steele in between the tractor trailer and a Dodge pick-up truck Steele had just parked. Id. at ¶¶ 12-13. Steele suffered serious soft tissue and orthopedic injuries as a result of the accident. Id. at ¶¶ 21-24, ECF Nos. 17, 18. Steele filed suit against Defendants on July 10, 2015. ECF No. 1. Defendants have made no appearance or response in this lawsuit,

1

despite receiving personal service on September 12, 2015. ECF Nos. 4, 5. The Clerk entered default against Defendants on October 29, 2015. ECF No. 10.

II.

A defendant's default does not in itself warrant the court entry of judgment against the defendant. The court must accept the plaintiff's well pled allegations of fact "as true and deem them admitted by a defendant." Berthiaume v. Doremus, 998 F.Supp.2d 465, 470-71 (W.D. Va. 2014); see also Ryan v. Homecomings Fin. Network, 253 F. 3d 778, 780 (4th. Cir. 2001). The court must still, however, determine whether plaintiffs' well pled allegations support the relief sought. Morton v. Johnson, 2015 WL 4470104, *4 (W.D. Va. 2015)(quoting Ryan, 253 F. 3d at 780- 81). Facts that are not well pled are not deemed admitted. DirecTV v. Pernites, 200 Fed. Appx. 257, 258 (4th. Cir. 2006). "There must be sufficient basis in the pleadings for the judgment entered." Id.

III.

On February 19, 2016, the court held an evidentiary hearing on damages. ECF No. 14. At the conclusion of the hearing, the court explained that additional evidence was needed to determine whether Marchenko operated the tractor trailer that struck and injured Steele. ECF No. 19. In response to the court's concern, Steele, by counsel, conducted a deposition of Trooper Casey White of the Virginia State Police ("Trooper White"). Deposition of Trooper Casey White, ECF No. 23–1 ("White Dep."). Trooper White's testimony, described below, provides the court with a sufficient basis to find Marchenko operated the tractor trailer that injured Steele.

On June 12, 2014, Trooper White responded to a motor vehicle crash at the Wilco truck stop in Toms Brook, Virginia. White Dep. 6:7–16. As Trooper White arrived at the scene of the wreck, an ambulance left the parking lot. Id. at 6:18–23. Trooper White later discovered this ambulance was carrying Steele to a hospital in Winchester, Virginia. Id. at 6:20–23. Upon arriving at the scene, Trooper White recounted the following: "I spoke to the driver of the tractor trailer, Mr.

2

Marchenko. He stated to me that he was in line at the fuel pumps and had backed up and backed into the truck pulling the trailer that was being operated by Mr. Steele." Id. at 6:24–7:6. Trooper White stated that it "was obvious ... that the truck being operated by Mr. Marchenko was the one that caused the damage." Id. at 9:16–22.

Trooper White reviewed a carbon copy of notes he took at the crash site. Id. at 10:10–16. These notes include information provided by Marchenko and contained on his license, registration card, and insurance information. Id. at 10:23–25, 11:11–15. The notes reflect that the tractor trailer Mr. Marchenko operated belonged to M&J Transport and indicate the USDOT number on the tractor trailer that struck Steele was 01731265. Id. at 13:8–10, 14:5–11. This number aligns with a Federal Motor Carrier Safety Administration document that lists USDOT number 1731265 as a tractor trailer registered to Evgeny Marchenko, doing business as M&J transport. ECF No. 23–4.

Trooper White's testimony sufficiently establishes that Evgeny Marchenko operated the tractor trailer that struck Steele. Further White's testimony and the FMCSA documents indicate that Marchenko was operating as M&J Transport when he struck Steele. Accordingly, the court finds that Defendants negligently caused Steele's injuries.

## IV.

Despite seeking damages of $750,000 plus interest in his complaint, Steele now requests judgment in the amount of $1,8000,000. Compare ECF No. 1 with ECF No. 23. However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Therefore, Steele cannot seek damages beyond the $750,000 plus interest requested in his complaint.

At the damages hearing on February 19, 2016, Steele produced evidence that he incurred $145,056.08 in medical expenses as of April 17, 2015. ECF No. 18. These medical expenses relate to injuries sustained in the motor vehicle accident with Marchenko on June 12, 2014. Id. Steele

3

testified that he has continued and will continue to incur medical costs related to the accident with Marchenko. Indeed, Steele stated that his injuries prevent him from continuing the workload he maintained as a truck driver prior to June 12, 2014, and that he struggles to earn income as a result. Further, Steele testified that he suffers pain daily and that his injuries limit his activities.

Based on this testimony, the court concludes that Steele offered sufficient evidence to establish that he suffered medical damages and pain and suffering in the amount of $750,000. State law controls entitlement to interest in diversity cases. McClung v. Smith, 89 F.3d 829 (4th Cir. 1996)(per curiam). Virginia law permits inclusion of interest in personal injury judgments and allows the court to fix the period during which interest shall accrue. Va. Code § 8.01-382. Va. Code § 6.2-302 stipulates that the "judgment rate of interest shall be an annual rate of six percent." Accordingly judgment will be entered against Defendants in the amount of $750,000 plus interest running at an annual rate of six percent from June 12, 2014 until payment of the judgment in full.

An appropriate Order will be entered.

Entered: 05-27-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

4